IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LESLIE M. SHANKLE )
        Plaintiff, )
)
v. ) 16 C 2582
)
VILLAGE OF MELROSE PARK )
        Defendant. )

MEMORANDUM OPINION

This matter is before the court on Defendant Village of Melrose Park's (Village) motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

BACKGROUND

Plaintiff Leslie Shankle (Shankle) began working for the Village of Melrose Park's Police Department full time in 1999. She is currently assigned to patrol duties. Shankle alleges she is the only female officer, as well as the only openly gay officer on the Village's police force. In 2012, Shankle filed a lawsuit (2012 Lawsuit) in this district against the Village and individual defendants alleging workplace gender discrimination and sexual orientation discrimination. The 2012 Lawsuit was settled and dismissed in May 2014. Shankle alleges that after settling the 2012 Lawsuit, she suffered retaliation by the Defendant and its employees. Shankle claims she was refused opportunities and experience required for her advancement which she was qualified to receive and should have received. Shankle alleges that on the nights of August 28, 2015 through the early

1

morning hours of August 31, 2015, she was not allowed to serve as the supervisory Officer in Charge (OIC) even though she was the most senior officer on duty. Instead, Sam Pitassi, the Chief of Police, and Mark Rieger, a Sergeant at the Village, had a heterosexual male officer come in from vacation to serve as OIC. Shankle alleges that such adverse action was taken against her due to sex discrimination, including gender and sexual orientation discrimination, and retaliation for complaining of the same, and as such she has suffered the loss of opportunities and experience needed to be able to advance in her career. Shankle includes in her complaint sex discrimination claims brought pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.*, alleging gender discrimination (Count I), sexual orientation discrimination (Count II), retaliation for opposition to gender discrimination (Count III), retaliation for opposition to sexual orientation discrimination (Count IV), and a *Monell* claim (Count V).

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if

they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

I. Discrimination Claims

Defendants argue that the Title VII sex discrimination claims based on gender and sexual orientation should be dismissed because Shankle has failed to allege that she suffered an adverse employment action that would support a Title VII sex discrimination claim.

To state a claim for discrimination on the basis of sex, Plaintiff must show (1) she is a member of a protected class, (2) she was subjected to an adverse employment action, and (3) there is a connection between membership in a protected class and the adverse employment action. *Martino v. Western & Southern Financial Group*, 715 F.3d 195, 201-02 (7th Cir. 2013)(citing *McGowan v. Deere & Co.*, 581 F.3d 575, 579 (7th Cir. 2009)). The Seventh Circuit has stated that "[t]o survive a motion to dismiss on the basis of gender discrimination, [the plaintiff] needed to allege that the [defendant] instituted an

3

adverse employment action against her on the basis of her sex." *Joren v. Napolitano*, 633 F.3d 1144, 1146 (7th Cir.2011)(internal quotations omitted)(quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir.2008)); *see also Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir.2014)(stating that "[a] complaint alleging sex discrimination under Title VII need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex")(internal quotations omitted)(quoting Tamayo, 526 F.3d at 1084); *Hunt v. City of Markham, Ill.*, 219 F.3d 649, 653 (7tth Cir. 2000)(stating that "the idea behind requiring proof of an adverse employment action is simply that a statute which forbids employment discrimination is not intended to reach every bigoted act or gesture that a worker might encounter in the workplace"). Citing sexual orientation as the basis for a discrimination claim is also permissible under Title VII pursuant to the same analysis, where the counterfactual to be considered is a situation in which the plaintiff's sex is alternative, but "everything else stays the same." *Hively v. Ivy Tech Community College of Indiana*, 853 F.3d 339, 345(7th Cir. 2017).

Defendants do not dispute that Shankle is a female and a lesbian. Defendants instead argue that Shankle has not suffered an adverse employment action. In Title VII discrimination cases, "a materially adverse employment action is one which visits upon plaintiff a significant change in employment status." *Boss v. Castro*, 816 F.3d 910, 917 (7th Cir. 2016)(internal quotation marks omitted). The Seventh Circuit has described a discriminatory adverse action as a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibility, or a decision causing a significant change in benefits." *Lewis v. City of Chicago*, 496 F.3d

4

645, 653 (7th Cir. 2007)(quoting *Bell v. E.P.A.*, 232 F.3d 546, 555 (7th Cir. 2000)); *see also Crady v. Liberty Nat'l Bank & Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993)(an adverse action must be more disruptive than a mere inconvenience or an alteration of job responsibilities); *Grayson v. City of Chicago*, 317 F.3d 745, 750 (7th Cir. 2003)(adverse employment action must involve a material, substantive change in an employee's pay and responsibilities).

In response to the instant motion, the only alleged adverse action identified by Shankle relates to one weekend when she was not allowed to serve as the supervisory Officer in Charge (OIC). Shankle claims that she was denied her supervisory experience necessary to advance her career. However, Shankle fails to explain how OIC assignments alone impact career trajectory. Furthermore, Shankle never claims any actual consequence to this alleged denial to serve as OIC, but merely states a prediction for the future. According to Shankle, not being allowed to serve as OIC one time resulted in the loss of opportunities and experience necessary to advance her career, which will "adversely affect any application that [she] makes internally, or outside the Village, for a new assignment, position, or promotion." (Compl. Par. 16) Shankle does not allege she was denied a promotion based on lack of OIC experience, but speculates that in the future this will likely happen. To assume, based on the allegations in the complaint, that denial to serve as OIC could impact future applications for promotion that haven't even been filed yet without an explanation as to why OIC experience is so important to promotions would be pure speculation, which is not permitted even at the pleadings stage. *See Carlson*, 758 F.3d at 826-27(stating that "[a] claim must be plausible rather than merely conceivable or speculative"); *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773,

5

776 (7th Cir. 2007)(stating that a plaintiff must allege facts suggesting a right to relief and "raising that possibility above a 'speculative level'"). Shankle has thus failed to allege facts that plausibly suggest that she suffered an adverse employment action because of her gender or sexual orientation. Therefore, Defendants' motion to dismiss the Title VII sex discrimination claims (Count I and Count II) is granted.

II. Retaliation Claims

Defendants argue that the Title VII retaliation claims based on gender and sexual orientation should be dismissed because Shankle has failed to allege that she suffered an adverse employment action that would support a Title VII retaliation claim. To state a retaliation claim under Title VII, plaintiff must "allege that she engaged in statutorily protected activity and was subjected to an adverse employment action as a result." *Carlson*, 758 F.3d at 828 (7th Cir. 2014)(quoting *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013). Adverse employment action in the retaliation context is very simply an employer's action that would "dissuade a reasonable worker from participating in protected activity." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 833 (7th Cir. 2015); *see also Henry v. Milwaukee County*, 539 F.3d 573, 586 (7th Cir. 2008)(stating that "[t]he range of conduct prohibited under the anti-retaliation provision is broader than its anti-discrimination provision, . . . because the discriminatory acts proscribed by Title VII's anti-retaliation provision are not limited to those that affect the terms and conditions of one's employment")(internal quotations omitted)(quoting *Lewis*, 496 F.3d at 655); *Smart v. Ball State University*, 89 F.3d 437, 441

(7th Cir. 1996)(adverse actions extend beyond readily quantifiable losses, but not everything that makes an employee unhappy is an actionable adverse action).

Shankle claims she was retaliated against for complaining of discrimination based on her gender and her sexual orientation. As with the above discrimination claims, the only adverse action identified by Shankle in her retaliation claims relates to one weekend when she was not allowed to serve as the supervisory Officer in Charge (OIC). The conduct that Shankle cites is not plausibly retaliatory. Shankle alleges in her amended complaint that the Village retaliated against her by not allowing her to serve as the supervisory Officer in Charge (OIC), but nowhere in the amended complaint does Shankle provide any facts to support the claim that the Village did not allow her to serve as the OIC because she previously filed a lawsuit alleging discrimination. A conclusory statement that the Village did not allow her to serve as OIC one time in August 2015 as retaliation for filing a lawsuit in 2012 is not enough to survive a motion to dismiss.

The court also notes that even if Shankle had suffered an adverse employment action, she has not shown that she could establish a link between the protected activity and the Village's conduct. While Plaintiff is not required to present proof of a connection between the protected activity and the adverse action, it must be generally alleged that the two are in fact connected. *Luevano,* 722 F.3d at 1029. Suspicious timing may be sufficient to "nudge a complaint from possible to plausible where the timing is close enough." *Cole v. Bd. Of Trustees of N. Ill. Univ.*, 38 F. Supp. 3d 925, 932 (N.D. Ill. 2014). Even if this court were to find that Shankle properly plead an adverse employment action under her retaliation claims, the protected activity here- Plaintiff's prior 2012 Lawsuit about her discrimination based on gender and sexual orientation- began in 2012 and was settled in

7

May 2015. The adverse action alleged by Shankle- one weekend when she was not allowed to serve as the supervisory Officer in Charge (OIC)- did not occur until August, 2015 and Shankle offers no allegations as to why these things are at all related. Therefore, Defendants' motion to dismiss the Title VII retaliation claims (Count III and Count IV) is granted.

III. *Monell* Claim

Defendants argue that Shankle does not properly support allegations of *Monell* liability. Since Shankle has failed to allege facts to suggest that Defendants violated any of her constitutional rights, there is no underlying claim to support a *Monell* claim. *See Sallenger v. City of Springfield, Ill.*, 630 F.3d 499, 505 (7th Cir. 2010)(holding that where there is no underlying constitutional violation, the City cannot be held liable under *Monell*). Therefore, Defendants' motion to dismiss the *Monell* claim (Count V) is granted.

## CONCLUSION

Based on the foregoing analysis, the motion to dismiss is granted in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 12, 2018